UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REVEREND FRANKLIN C. REAVES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> SOUTH CAROLINA DSS, WILLIE D. ) <br> REAVES, HYBERT STRICKLAND, ) <br> THE HONORABLE SHERRY R. ) <br> RHODES, MARION COUNTY ) <br> SHERIFF DEPARTMENT, MARK ) <br> RICHARDSON, C. SMITH DAVIS, ) <br> MARION COUNTY JAIL, MARION ) <br> COUNTY PRISON FARM and TIM ) <br> HARPER, ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:08-cv-0576-TLW-TER <br><br><br><br><br>**REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

In this case, Plaintiff, who is proceeding pro se, alleges that Defendants violated his constitutional rights in connection with his arrest for failure to pay alimony as ordered. Presently before the court is Defendant Willie D. Reaves' Motion to Dismiss (Document # 9). Because Plaintiff is proceeding pro se, he was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of his Complaint. Plaintiff timely responded to the Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

**II.     PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that, on June 16, 2005, SCDSS filed an "unauthorized" Rule to Show Cause

on behalf of Defendant Willie D. Reaves for "failure to pay alimony as ordered," which was served on him by Defendant Sherry R. Rhodes, Clerk of Court for Marion County. Complaint at ¶ 20, 22. Plaintiff alleges that SCDSS has no authority to pursue unpaid alimony. Id. at ¶ 21. On August 10, 2006, the family court issued a civil bench warrant for Plaintiff's arrest. Id. at ¶ 23. Rhodes gave Defendant Mark Richardson, Sheriff of Marion County, the bench warrant on November 5, 2007. Id. at ¶ 25. Plaintiff alleges that Rhodes gave the bench warrant to Richardson only after Plaintiff had filed two lawsuits against Marion County. Id. at ¶ 26. Plaintiff was arrested by Defendants C. Smith and Davis, both Marion County Sheriff's Deputies. Id. at ¶ 27. Plaintiff was forced to sleep on a mattress on the floor in the Marion County Detention Center, to be in the midst of "murders, rapist [sic] and other felons," to be in a room with people that smoked which affected his physical conditions, and to work on the Marion County Prison Farm on the highways of Marion County. Id. at ¶¶ 30-33.

Plaintiff also alleges that he sued for divorce on June 27, 2006, in the State of North Carolina General Court of Justice Thirteenth District Court Division. Id. at ¶ 14. A hearing was held on November 2, 2006, and the court entered an order granting the divorce on November 17, 2006. Id. at ¶¶ 15-17. The order provided, in part, that the husband would pay the wife no alimony and the wife would pay the husband no alimony. Id. at ¶ 17. Plaintiff alleges that Willie D. Reaves did not request the court to incorporate the separation agreement[1] in the final divorce decree. Id. at ¶ 19. Plaintiff alleges that the South Carolina family court failed to honor the State of North Carolina's final divorce decree granted to Plaintiff. Id. at ¶ 36.

Plaintiff asserts causes of action for retaliation, conspiracy, negligence and violation of equal protection of the laws pursuant to 42 U.S.C. § 1983, and causes of action for malicious prosecution,

---

[1] This is the only mention of a "separation agreement" in the Complaint.

malicious abuse of process, conspiracy, and intentional infliction of emotional distress.

## III.   DISCUSSION

Defendant Willie D. Reaves argues that she should be dismissed from the action because Plaintiff's claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine, as enunciated in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), holds that lower federal courts cannot engage in appellate review of state court decisions. Feldman, 460 U.S. at 482, 103 S.Ct. 1303, 75 L.Ed.2d 206. The United States Supreme Court reasoned that once in the state court system, litigants must exhaust all means of appeals in that system. Id. at 483, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206. A litigant may then appeal the final state court decision to the United States Supreme Court. Id. Thus, the Rooker-Feldman doctrine precludes federal "review of adjudications of the state's highest court [and] also the decisions of its lower courts." Shooting Point, L.L.C. v. W.M. Cumming Jr., 368 F.3d 379 (4th Cir.2004) ( citing Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir.1997)).

Moreover, the Rooker-Feldman doctrine extends not only to issues actually decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court." Id. Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Id. (citing Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir.2000) and Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)). "If in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take

action that would render the judgment ineffectual, Rooker-Feldman is implicated." Jordahl, 122 F.3d at 202. Because federal jurisdiction to review the decisions of state courts is reserved exclusively to the Supreme Court, it is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. Id.

The plaintiff may not use a civil rights action to challenge the determinations or rulings of the South Carolina State Courts. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir.1986) ("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); and Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir.1986), where a pro se plaintiff brought a § 1983 action against his ex-wife, her attorney, and the judge who presided over the divorce action. The United States Court of Appeals for the Fifth Circuit held that characterization of a suit as a civil rights action is ineffective to defeat the well-settled rule that litigants may not obtain review of state court actions by filing complaints in lower federal courts "cast in the form" of civil rights suits. Id.

It is readily apparent that Plaintiff's claims succeed only to the extent that the state court judge wrongly issued the civil bench warrant. Plaintiff seeks to undermine the state court's order by having a federal court hold that Defendants violated the law by complying with the warrant. Were this court to provide the relief sought by Plaintiff, the court would, in substance, be reviewing and overturning the state court's order. Thus, this court lacks jurisdiction over Plaintiff's claims pursuant to the Rooker-Feldman doctrine, and Willie D. Reaves' Motion to Dismiss should be granted.[2]

---

[2] Plaintiff files a Motion for Entry of Default (Document # 45) as to Willie D. Reaves. However, it is clear from the record that Willie D. Reaves was never actually served with the Summons and Complaint. See Document # 29. Despite Plaintiff's failure to properly serve Willie D. Reaves with the Summons and Complaint, Willie D. Reaves otherwise received notice of the Complaint and filed a Motion to Dismiss. Thus, she is not in default.

The remaining Defendants have not filed a motion for dismissal pursuant to the Rooker-Feldman doctrine, but they do raise it as an affirmative defense in their Answer. See Defendants' Answer at ¶ 41 (Document # 15). Nevertheless, because the Rooker-Feldman doctrine is jurisdictional, it may be raised by the court sua sponte. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir.2003). Accordingly, it is further recommended that Plaintiff's case be dismissed in its entirety.[3]

## IV.   CONCLUSION

In light of the above analysis, it is recommended that Willie D. Reaves' Motion to Dismiss (Document # 9) be granted and that she be dismissed from this action. It is further recommended that the entire action be dismissed pursuant to the Rooker-Feldman doctrine.

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

October 27, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Defendants South Carolina Department of Social Services, Marion County Sheriff's Department, Marion County Jail and Marion County Prison Farms also move for dismissal based on Eleventh Amendment Immunity and the fact that jails and prisons are not legal entities capable of being sued. See Motion to Dismiss (Document # 37). Dismissal of those Defendants is appropriate on those grounds as well. See Coffin v. S.C. Dep't of Social Servs., 562 F.Supp. 579, 583 (D.S.C. 1983); McCall v. Williams, 52 F.Supp. 611, 623 (D.S.C. 1999); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 894 (E.D.Va 1992).